**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JUDY L. HOSKINS** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.** |
| ) | |
| **vs.** ) | |
| ) | |
| **PALISADES COLLECTION L.L.C.** ) | |
| ) | |
| **Defendant.** ) | |

**COMPLAINT
UNLAWFUL DEBT COLLECTION PRACTICES**

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.  JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III.  PARTIES

4.    Plaintiff Judy L. Hoskins is an adult individual residing at 6921 Souder Street, Philadelphia, PA 19149.

5.    Defendant Palisades Collection L.L.C. is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 210 Sylvan Avenue, Englewood, NJ 07632. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV.  FACTUAL ALLEGATIONS

6.    At all times pertinent hereto, Defendant was hired by AT&T Wireless to collect a debt relating to consumer phone bill that was allegedly originally owed to AT&T Wireless (hereafter the "debt").

7.    The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8    On or about April 2, 2007, Defendant contacted Plaintiff in an attempt to coerce payment of the debt. During the conversation, Defendant falsely threatened to garnish Plaintiff's wages.

9.    The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

10.    Defendant knew or should have known that their actions violated the FDCPA, FCEUA and the UTPCPL.  Additionally, Defendant could have taken the steps necessary to bring their actions within compliance with the FDCPA, FCEUA and the UTPCPL, but neglected

to do so and failed to adequately review their actions to insure compliance with said laws.

11.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

12.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

13.     As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.  FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA

14.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

15.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

16.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

17.     The above contact by the Defendant to Plaintiff was a "communication" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

18.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(4), 1692e(5), 1692e(10) and 1692f, as evidenced by the following conduct:

    (a)   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (b)   The representation or implication that nonpayment of a debt will result in the will result in the seizure, garnishment, attachment or sale of any property or wages is not lawful and/or that the Defendant did not intend to take;

    (c)   Threatening to take action that cannot legally be taken and/or is not intended to be taken; and

    (d)   Otherwise using false, deceptive or misleading and unfair or unconscionable   means to collect or attempt to collect a debt.

19.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

20.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a)   That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    (b)   That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    (c)   That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(d)     That the Court grant such other and further relief as may be just and
proper.

**VI.   <u>SECOND CLAIM FOR RELIEF-VIOLATION OF THE FCEUA AND UTPCPL</u>**

21.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth
at length herein.

22.     Defendant is a  "debt collector" as defined by 73 P.S. § 2270.3 of the FCEUA.

23.     Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCEUA.

24.     The above contact by the Defendant to Plaintiff was a "communication" relating
to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

25.     Defendant engaged in unfair methods of competition and unfair or deceptive acts
or practices, as defined by the UTPCPL, by attempting to collect the alleged debt in violation of
the FCEUA.  Defendant's violations of the FCEUA and UTPCPL include, but are not limited to,
violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a)     Engaging in conduct the natural consequence of which is to harass,
oppress, or abuse any person in connection with the collection of a debt;

(b)     The representation or implication that nonpayment of a debt will result in
the will result in the seizure, garnishment, attachment or sale of any
property or wages is not lawful and/or that the Defendant did not intend to
take;

(c)     Threatening to take action that cannot legally be taken and/or is not
intended to be taken; and

(d)     Otherwise using false, deceptive or misleading and unfair or
unconscionable   means to collect or attempt to collect a debt.

26.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

27.     As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of actual, statutory and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully pray that relief be granted as follows:

(a)  That judgment be entered against Defendant for actual damages pursuant to 73 P.S. § 201-9.2(a);

(b)  That judgment be entered against Defendant for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(c)  That judgment be entered against Defendant for treble damages pursuant to 73 P.S. § 201-9.2(a);

(d)  That the court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(g)  That the Court grant such other and further relief as may be just and proper.

## VII.    JURY TRIAL DEMAND

28.    Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY:    _____
JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
MICHAEL J. SZYMBORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated: June 29, 2007